SO ORDERED.

Dated: September 14, 2020

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:** | Chapter 13 Proceedings |
| **GINA M. COOKE,** | Case No.: 3:18-bk-10014-DPC |
| Debtor. | |
| | **ORDER RE: APPLICATION FOR ATTORNEYS' FEES** |
| | **[NOT FOR PUBLICATION]** |

Before this Court is Gina M. Cooke's ("Debtor") counsel's Amended Application for Attorney's Fees. After hearing oral argument and considering the parties' briefs, this Court now denies the Fee Application of Debtor's counsel, Gervais R. Brand ("Mr. Brand").

### I. INTRODUCTION

On August 18, 2018 ("Petition Date"), Debtor filed her chapter 13 bankruptcy petition. Together with Debtor's schedules and statements, Mr. Brand filed a disclosure pursuant to Federal Rule of Bankruptcy Procedure 2016 ("FRBP").[1] That disclosure indicated Debtor paid Mr. Brand a $3,500 flat fee for the representation of Debtor in her chapter 13 bankruptcy case. There was no mention of hourly rates or possible charges for work not contemplated beyond the $3,500 flat fee.

---

[1] DE 1 at 53. Unless indicated otherwise, "DE" references a docket entry in the bankruptcy case 3:18-bk-10014-DPC.

1

On January 17, 2020, Debtor filed her Amended Chapter 13 Plan ("Amended Plan").[2] Debtor's Amended Plan provided for an administrative expense for the $3,500 flat fee and that Debtor agreed that "[a]ll other additional services will be billed at a rate of $250.00 per hour…"

On June 29, 2020, Mr. Brand filed an Application for Attorney Fees requesting (1) approval of his fees in the amount of $89,675, (2) authorization to apply a July 16, 2019 $15,000 payment from Debtor's mother and (3) an order directing the chapter 13 trustee, Edward J. Maney ("Trustee"), to pay the remaining sum of $74,675 to Mr. Brand. Both Trustee and creditor, Jon Fiebelkorn ("Mr. Fiebelkorn") objected to Mr. Brand's Application for Attorney Fees.[3]

On July 21, 2020, Mr. Brand filed an Amended Application for Attorney Fees[4] ("Amended Application") and Debtor/Defendant's Reply to Objections[5] ("Reply"). In Mr. Brand's Amended Application he clarifies that he is requesting: (1) approval of the $3,500 flat fee, (2) approval of "those administrative fees not included in the [flat fee]" in the amount of $13,312.50, (3) approval of fees "specifically related to the litigation involved in the Adversary Proceeding herein of Fiebelkorn vs. Cooke" in the amount of $39,862.50, (4) authorization to apply a $15,000 payment from Debtor's mother to fees owed to Mr. Brand in representing Debtor in adversary proceeding, 3:18-ap-00519-DPC ("Adversary Proceeding"), (5) approval of reimbursement for costs for transcripts in the amount of $1,211, (6) directing Trustee to pay the remaining fees of $38,175 as an administrative expense under Debtor's plan, (7) "an award of attorney's fees against Plaintiff Fiebelkorn and his Counsel, pursuant to A.R.S. § 12-349 and § 12-350[,]" and (8) an award of attorney's fees "in an amount to be determined by this Court against Plaintiff Fiebelkorn pursuant to Debtor/Defendant Cooke's Motion for Rule 7054 Determination of Attorney

---

[2] DE 67.
[3] DE 86 is Mr. Fiebelkorn's Objection and DE 87 is Trustee's Objection.
[4] DE 88.
[5] DE 89.

Fees." Mr. Fiebelkorn filed an objection to the Amended Application.[6] Trustee filed a limited objection to the Amended Application.[7]

On August 31, 2020, this Court held a hearing on Mr. Brand's Amended Application. At oral argument, Mr. Brand confirmed he seeks allowance of an administrative claim in the amount of $13,312.50 in addition to the $3,500 flat fee paid to him by Debtor prior to the Petition Date. The Court ordered that the $15,000 payment from Debtor's mother was properly applied by Mr. Brand to his bills for representing Debtor in the Adversary Proceeding. The remainder of the $74,625 sought by Mr. Brand from Mr. Fiebelkorn was taken under advisement and is not resolved by this Order. This Order solely deals with the fees sought by Mr. Brand as administrative expenses in connection with the administrative portion of this chapter 13 case.

Mr. Fielbelkorn's objection to the Amended Application raised several arguments as to why Mr. Brand's Amended Application should be denied. First, he argued that Mr. Brand's failure to comply with FRBP 2016 is grounds for denying the Amended Application. Second, he argues the Amended Application should be denied because Mr. Brand's fees were not "in connection with the bankruptcy case" as is required by § 330(a)(4)(B). Third, Mr. Fiebelkorn argues the fees requested provided a minimal benefit to Debtor, are excessive, and unreasonable. Fourth, he contends the additional fees of $13,312.50 should be denied because the work done by Mr. Brand is covered by the Court's Local Rules which delineate what work must be included in a flat fee. Finally, Mr. Fiebelkorn argues that A.R.S. § 12-349 does not apply in bankruptcy proceedings. Mr. Fiebelkorn did not object to Mr. Brand's request for approval of the $3,500 flat fee.

Trustee's objection argued that Debtor's proposed plan lacks adequate funding for Mr. Brand's fees and reserved the right to object to Mr. Brand's fees on reasonableness grounds. At oral argument, however, when Mr. Brand conceded that he was seeking allowance of fees of only $13,312.50 (not the $38,175 referenced in his Amended

---

[6] DE 98.
[7] DE 96.

3

Application), Trustee's counsel acknowledged that the estate held sufficient funds to satisfy this lesser amount.

Although Mr. Brand's Amended Application is inextricably intertwined with Debtor's Motion for an award of fees against Mr. Fiebelkorn in connection with the Adversary Proceeding, this Order exclusively deals with Mr. Brand's request for allowance of the amount of $13,312.50 for fees and costs of $1,211 incurred in representing the Debtor in the administrative portion of this bankruptcy case and Mr. Brand's request for an award of attorney's fees pursuant to A.R.S. § 12-349 and § 12-350.

## II. ANALYSIS
### A. FRBP 2016

FRBP 2016(b) provides:

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney…A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

"The disclosure requirements imposed by § 329 are mandatory, not permissive, and an attorney who fails to comply with the disclosure requirements forfeits any right to receive compensation."[8] "Once the bankruptcy court determines that an attorney has violated § 329 and [FRBP] 2016, the bankruptcy court has the authority to order the attorney to disgorge all of his fees."[9] "The failure to comply with Rule 2016(b)/Section 329(a) is particularly significant in chapter 13 cases because the court does not approve employment of a chapter 13 debtor's counsel."[10] "The disclosure rules are applied

---
[8] *In re Basham*, 208 B.R. 926, 931 (9th Cir. BAP 1997).
[9] *Id.* (citing *In re Investment Bankers, Inc.*, 4 F.3d 1556, 1565 (10th Cir. 1993).
[10] *In re Bell*, 212 B.R. 654, 658 (Bankr. E. D. Cal. 2017)

4

literally, even if the results are sometimes harsh…[n]egligent or inadvertent omissions 'do not vitiate the failure to disclose.'"[11]

Here, Mr. Brand's FRBP 2016 disclosure only disclosed the following: that the Debtor agreed to pay a flat fee of $3,500 for legal services and that those legal services included "[a]nalysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy; [p]reparation and filing of any petition, schedules, statements of affairs and plan which may be required; [and] [r]epresentation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof[.]"[12] In addition, Debtor's Amended Plan provides language permitting an administrative expense for fees incurred for additional services at a rate of $250 per hour, but no such disclosure was made in Mr. Brand's FRBP 2016 disclosure. Mr. Brand has not filed an amended or supplemental FRBP 2016 disclosure.

### B. Section 330(a)(4)(B) and Local Rule 2084(b)(1)(A)

Section 330(a)(4)(B) provides:

> In a…chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of services to the debtor and the other factors set forth in this section.

Section 330(a)(3) outlines a non-exhaustive list of factors that a court should consider when determining "the amount of reasonable compensation to be awarded." Those factors are:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

---

[11] *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995) (citing *In re Maui 14K, Ltd.*, 133 B.R. 657, 660 (Bankr. D. Haw. 1991); *In re Coastal Equities, Inc.*, 39 B.R. 304, 308 (Bankr. S.D. Cal. 1984)).
[12] DE 1 at 53.

5

> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

"The [applicant] has the burden of establishing that he or she is entitled to the fees requested."[13] The bankruptcy court has an independent duty to review fee applications of professionals for reasonableness.[14]

Local Bankruptcy Rule 2084(b)(1)(A) permits a chapter 13 debtor's attorney to utilize a flat fee provided that, through confirmation of debtor's plan,[15] the "attorney agrees to provide all services listed in subsection (2)." Subsection (2) lists 23 categories of services and includes "(I) [r]eview and analysis of creditor claims for potential objections…[and]…(J) [o]jections to proofs of claim." Moreover, Local Bankruptcy Rule 2084(b)(3) notes that, unless the court "ordered otherwise, an attorney's election to accept a flat fee is irrevocable and the Court will not approve additional compensation for work necessary to confirm the initial or amended plan or in cases where the Court confirms no plan."

Mr. Brand's Amended Application includes Exhibit A, his itemized time records in support of his Amended Application. As part of those itemized time records, Mr. Brand separated billing entries into two categories: (1) "Time for administrative case included in flat fee of $3,500" and (2) "Time for administrative case not included in flat fee of $3,500." All the billing entries are titled either "CaseAdmin" or "ClaimAdmin." A significant number of the billing entries in the second category appear to be related to Debtor's objection to Mr. Fiebelkorn's claim and/or the defense of the Adversary Proceeding.

---

[13] *In re Roderick Timber Co.*, 185 B.R. 601, 606 (9th Cir. BAP 1995) (internal citations omitted).
[14] *In re Hanson*, 172 B.R. 67, 74 (9th Cir. BAP 1994).
[15] To date, Debtor's Amended Plan has not been confirmed.

6

Case 3:18-bk-10014-DPC    Doc 103    Filed 09/14/20    Entered 09/14/20 16:20:21    Desc
Main Document    Page 6 of 8

Although the applicable Local Rule permits an attorney to file an application for fees in excess of the flat fee, the Court notes that most, if not all, of Mr. Brand's billing entries appear to relate to either reviewing and analyzing creditor claims for potential objections or actually objecting to proofs of claim. These are services that a debtor's attorney in this District agrees to provide under a flat fee arrangement. The Court appreciates that this administrative case presented unique challenges and required Mr. Brand to expend considerable additional time with respect to Mr. Fiebelkorn's claim but that was done in the context of defending against Mr. Fiebelkorn's non-dischargeability action. The Court is unwilling to approve Mr. Brand's application seeking an additional $13,312.50 in fees for work that ordinarily are to be covered under a flat fee arrangement particularly since Mr. Brand's only Rule 2016 disclosure did not contemplate payment for work beyond the flat fee of $3,500. That said, the costs of $1,211 incurred by Mr. Brand are separate and apart from the fee issue. The Court hereby allows Mr. Brand's costs of $1,211 as an administrative expense against this estate. Based on this Court's ruling, the Court need not determine the reasonableness of the fees sought by Mr. Brand.

**C. A.R.S. § 12-349 and § 12-350**

The Ninth Circuit has determined that, when deciding to impose sanctions, a federal court must apply federal law, not state law.[16] This squarely defeats Mr. Brand's argument that he is entitled to an award of attorney's fees against Mr. Fiebelkorn and Mr. Fiebelkorn's counsel based on A.R.S. §§ 12-349 and 12-350. For that reason, this Court denies Mr. Brand's request for such an award.

/ / /

/ / /

/ / /

/ / /

---

[16] *In re Larry's Apartment, LLC*, 249 F.3d 832, 838 (9th Cir. 2001) (stating "the federal courts must be in control of their own proceedings and of the parties before them, and it is almost apodictic that federal sanction law is the body of law to be considered in that regard.")

### III. CONCLUSION

For the reasons stated herein, this Court denies Mr. Brand's Amended Application except to the extent of the costs of $1,211 allowed as an administrative expense.

**DATED AND SIGNED ABOVE.**